No. 296
P. C. C. & ST. L. R. R. CO. v. DAVIS, Admrx.
Ohio Appeals, 2nd Dist., Franklin County
No. 1125. Decided Dec. 7, 1923

1235. VERDICT—Special verdict must be wholly irreconcilable with general verdict before general verdict will be disturbed—As the special findings were not wholly irreconcilable with the general verdict, the latter must stand.

ALREAD, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action for wrongful death brought by Inoa Davis, administratrix of Harry Carson. The deceased was a passenger in an automobile which was struck at a grade crossing. At the close of the evidence special interrogatories were submitted. One of them raised the question as to whether any objects obstructed the view of the driver from seeing the train. The jury answered this question in the negative. Another question was whether the deceased relied solely upon the watchman to warn him of the approaching train. This the jury answered in the affirmative. The jury also specially found that the failure to have a watchman was the proximate cause of the injury, that the deceased exercised ordinary care in approaching the crossing, and that it was dark at the time the accident occurred. The jury also returned a general verdict for plaintiff. Defendant prosecuted error, claiming that the special findings were inconsistent with the general findings. In sustaining the judgment, the Court of Appeals held:

1. A special verdict will be permitted to override a general verdict only where the special findings are wholly irreconcilable with the general verdict.

2. As it cannot be said that the special findings in this case are wholly irreconcilable with the general verdict, the general verdict must stand.

Attorneys—Karl R. Burr and Sherman B. Randall, for Railroad Company; Abernathy & Islay and F. S. Monnett, for Davis; all of Columbus.

No. 297
SCHRAMM v. KINSNER & SON CO
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4687. Decided Jan. 24,1924

941. PRACTICE AND PROCEDURE — Error for court to refuse dismissal without prejudice before final submission of the case.

PER CURIAM.

Epitomized Opinion
Published Only in Ohio Law Abstract

In this case, the record in the trial court disclosed that the judge asked if there was any further testimony on either side. Both sides answered no. The court then said, "There seems to be nothing further for the court to do but render judgment for the defendant, and I will render judgment accordingly." At this point the attorney for Schramm said: "I want to dismiss this case, your Honor, without prejudice." This permission was refused, and the court rendered judgment for the Company. The court's refusal to allow dismissal of the case without prejudice is assigned as error. In reversing the judgment, the Court of Appeals held:

1. Under 11586 GC. an action may be dismissed without prejudice to a future action by the plaintiff, before its final submission to the jury or to the court, when the trial is by the court. By 11447-8 GC. a party may submit or argue the case to the jury. From this it may be inferred that before a case is submitted either to the court or jury, a party has the right to argue a case or to waive argument. The cause never had been submitted and the counsel for the plaintiff was in his rights in asking the court to dismiss it without prejudice before its submission, and the court in refusing to dismiss committed error, and for that error judgment will be reversed.

Attorneys—W. W. Dawson, for Schramm. Mills, Knight & Miller, for J. Kinsner & Sons Co.; all of Cleveland.